IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FREDERICK MUTUAL INSURANCE CO.
57 Thomas Johnson Drive
Frederick, MD  21702      CIVIL DIVISION

    Plaintiff,      No.

v.

EVERTON ARAUJO
7008 Horrocks Street
Philadelphia, PA  19149      **JURY TRIAL DEMANDED**

and

TITAN FRAMING COMPANY, INC.
3454 Limekiln Pike
Chalfont, PA  18914

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

AND NOW, comes Plaintiff Frederick Mutual Insurance Company, by and through its counsel, Pion, Nerone, Girman, Winslow & Smith, P.C., Michael F. Nerone, and Brendan K. Birmingham, and files this Complaint for Declaratory Judgment, in support of which it avers the following:

1.      The Plaintiff, Frederick Mutual Insurance Company, ("Frederick") is a duly authorized and licensed Maryland insurance company which maintains its principal place of business in Frederick, Maryland.

2.      The Defendant, Everton Araujo, is an adult individual who resides in Philadelphia, Pennsylvania.

3. The Defendant, Titan Framing Company, Inc. ("Titan"), is, based upon information and belief, a Pennsylvania Corporation, which maintains its principal place of business at 3454 Limekiln Pike, Chalfont, Pennsylvania 18914.

4. This Court may properly exercise jurisdiction over the parties and subject matter of this lawsuit pursuant to 28 U.S.C. § 1332, as there is diversity of citizenship and the amount in controversy is in excess of $75,000.00. Additionally, this Court has subject matter jurisdiction over this action, as it is asserted, pursuant to 28 U.S.C. § 2201-2202.

5. Venue is proper in this Judicial District under 28 U.S.C. § 1391(a), as the policy of insurance that is the subject of this action was issued in Pennsylvania, the incident underlying the insurance dispute, based upon information and belief, occurred in Philadelphia County, Pennsylvania, the individual Defendant is located in Philadelphia, Pennsylvania, and the underlying personal injury action is filed in Philadelphia County, Pennsylvania.

6. On or about February 25, 2022, Defendant Araujo filed suit against Titan, in the Court of Common Pleas of Philadelphia County at Case ID No. 220202614. Attached hereto as Exhibit A is a true and correct copy of the Complaint filed by Defendant Araujo in the Court of Common Pleas of Philadelphia County, Pennsylvania ("Underlying Complaint").

7. In the Underlying Complaint, Defendant Araujo asserts claims arising out of a March 5, 2020 work site injury he suffered at a construction site believed to be in Philadelphia County, Pennsylvania. See Exhibit A, at ¶¶ 16-17.

8. Defendant Araujo has alleged that Titan "was engaged in the trade or business of framing homes and/or commercial construction projects;" that Araujo "was working as a framer on a worksite where Titan was the subcontractor;" that Araujo "was working alongside Igor Santiago, the principal of Titan, on the second floor [of] a new construction residence;" that Araujo "was on top of a platform constructed by Titan;" that the "platform was defectively constructed,

dangerous, not inspected, and constituted a hazard to persons such as [Araujo];" and that the "platform collapsed, causing him to fall and strike his head on the floor below." See Exhibit A, at ¶¶ 14, 16, 19 - 21, and 24.

9. Defendant Araujo's Complaint contains one count, asserting negligence claims against Titan. See Exhibit A, at ¶¶ 31-34.

10. Based upon information and belief, Titan provided all of the tools, equipment and materials being used by Defendant Araujo at the subject work site.

11. Based upon information and belief, Defendant Araujo did not provide any of the tools, equipment or materials he used at the subject worksite.

12. Based upon information and belief, Titan paid Defendant Araujo hourly wages for the time Defendant Araujo worked at the subject work site.

13. Based upon information and belief, Titan directed and controlled and/or had the right to control the manor and methods of Defendant Araujo's work at the subject work site.

14. Based upon information and belief, Defendant Titan controlled the hours, dates and time Defendant Araujo worked at the subject worksite.

15. Based upon information and belief, Defendant Araujo was an employee of Defendant Titan at the time of the underlying accident, and was acting within the course and scope of that employment when the accident occurred.

16. Alternatively, based upon information and belief, Defendant Titan was the statutory employer of Defendant Araujo at the time of the underlying accident.

17. Based upon information and belief, Defendant Araujo has filed a Pennsylvania Workers Compensation claim against Titan, alleging that he was an employee of Titan at the time of the accident and/or that Titan was his statutory employer at the time of the accident under the terms and provisions of the Pennsylvania Workers Compensation Act.

18. Pursuant to Pennsylvania law, Defendant Titan was obligated to maintain workers' compensation insurance coverage for the benefit of Defendant Araujo. See 77 P.S. § 461 and 77 P.S. § 462.

19. 77 P.S. § 461 is titled "Coverage of Employees of Subcontractor; Subcontractor Defined; Exception" and provides in part:

> A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employees of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payments as provided for in this act...

20. Similarly, 77 P.S. § 462, provides:

> Any employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employee or contractor, for the performance upon such premises of a part of such employer's regular business entrusted to that employee or contractor, shall be liable for the payment of compensation to such laborer or assistant unless such hiring employee or contractor, if primarily liable for the payment of such compensation, has secured the payment thereof as provided for in this act.

21. Based upon information and belief, Defendant Titan, at the time of the underlying accident, was under contract with the property owner or a general contractor, which was in the position of an owner.

22. Defendant Titan, at the time of the subject incident, occupied and controlled the construction site.

23. Defendant Titan either employed Defendant Araujo directly at the time of the subject accident, or had entered into a subcontract with the person or entity that did employee Defendant Araujo.

24. At the time of the subject accident, framing homes was part of Defendant Titan's trade and business.

25. At the time of the subject accident, the framing work being performed by Defendant Araujo was entrusted to him and/or his employer by Defendant Titan.

26. Plaintiff, Frederick Mutual Insurance Company, issued Policy No. APP2170256 to Defendant Titan. A true, correct and complete copy of Policy No. APP2170256 (hereinafter "Policy"), is attached hereto as Exhibit B.

27. Defendant Titan has tendered its defense and indemnity associated with the underlying action to Plaintiff seeking coverage under the Policy with respect to the Araujo action.

28. The Policy, in the Contractors Special Policy Form, contains Exclusions which preclude coverage from applying in the circumstances described in the Exclusions.

29. Exclusion 11 states in part:

We do not pay for:

    a. "Bodily injury" . . . to an "employee" of the "insured" if it occurs in the course of employment by the insured; or

    b. Consequential injury to a spouse, child, parent, brother, or sister of such injured "employee".

See Exhibit B, at Contractors Special Policy Form, page 15 of 42.

30. Exclusion 12 states in part:

We do not pay for bodily injury . . . if benefits are provided or are required to be provided by the "insured" under a workers' compensation, disability benefits, occupational disease, unemployment compensation, or like law.

*Id.*

31. The Policy also contains Endorsement AAISGL-899Ed.2.0, titled Cross Liability Exclusion, which states in part:

"We do not pay for bodily injury . . . to an "insured".

32. The Policy defines an insured as including employees of Defendant Titan. See Exhibit B, Contractors Special Policy Form at page 6 of 42.

33. Defendant Araujo, at the time of the underlying accident was either an employee or a statutory employee of Defendant Titan and, therefore, is an insured under the Policy.

34. Exclusions 11 and 12 and the Cross Liability Exclusion contained in Endorsement AAIS GL-899Ed.2.0 preclude coverage from being owed by Plaintiff, Frederick Mutual Insurance Company, to Defendant Titan for the claims asserted in the underlying action filed by Defendant Araujo.

35. The Policy contains Endorsement AP 08590411, titled Amendatory Endorsement Defense Costs Reimbursement Pennsylvania, which states in part:

> If "we" defend against a suit or "we" pay for an "insured's" defense, and "we" later determine that the suit is not covered, "we" have the right to be reimbursed for the defense costs "we" have incurred.
>
> However, under this provision, "our" right to be reimbursed for defense costs applies only to such costs that "we" incur after "we" give "you" written notice that the suit may not be covered and that "we" are reserving "our" rights to end the defense coverage and to seek reimbursement for defense costs.

36. By correspondence dated March 23, 2022 ("ROR"), Frederick Mutual Insurance Company, through its undersigned counsel, advised Titan that coverage likely did not apply, that it was "reserving any and all rights under the Policy to deny coverage, indemnity and/or to withdraw the defense which is currently being provided."

37. The ROR further advised Titan of Endorsement AP 08590411 and explained:

> Please allow this letter to serve as written notice that the Araujo suit may not be covered and that Frederick Mutual is reserving its rights to end the defense coverage and to seek reimbursement for defense costs.

38. A copy of the ROR is attached hereto as Exhibit C.

39. This action presents a case of actual controversy and is asserted pursuant to 28 U.S.C. § 2201-2202 and 42 Pa.C.S.A. § 7531, *et seq.*

WHEREFORE, Plaintiff, Frederick Mutual Insurance Company, respectfully requests a declaration from this Honorable Court that:

A.  Plaintiff, Frederick Mutual Insurance Company, has no duty or obligation to defend Defendant Titan and/or any other person or entity under the Policy with respect to claims asserted by Defendant Araujo in the underlying action;

B.  Plaintiff, Frederick Mutual Insurance Company, has no duty to indemnify Defendant Titan and/or any other person or entity under the Policy with respect to claims asserted by Defendant Araujo in the underlying action;

C.  Plaintiff, Frederick Mutual Insurance Company is entitled to be reimbursed by Defendant Titan for costs incurred defending Defendant Titan in the underlying action from March 25, 2022 through the date of this Declaration; and

D.  Such other relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

PION, NERONE, GIRMAN, WINSLOW & SMITH, P.C.

By: /s/Michael F. Nerone
Michael F. Nerone
PA ID #62446
mnerone@pionlaw.com
Brendan K. Birmingham
PA ID #323023
bbirmingham@pionlaw.com
1500 One Gateway Center
420 Fort Duquesne Boulevard
Pittsburgh, PA  15222
412-281-2288

Date:  April 28, 2022

Counsel for Plaintiff, Frederick Mutual Insurance Company